# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Douglas James Sellner,

                Plaintiff,          **MEMORANDUM OPINION AND ORDER**

vs.                                                 Civil No. 13-1289 ADM/LIB

MAT Holdings, Inc.,
Midwest Air Technologies, Inc.,
MAT Industries, LLC, and
Sanborn Manufacturing Company,

                Defendants.

_____

Stephen W. Cooper, Esq., and Stacey R. Everson, Esq., The Cooper Law Firm Chartered, Minneapolis, MN, on behalf of Plaintiff.

Margaret R. Ryan, Esq., and Bradley J. Lindeman, Esq., Meagher & Geer, PLLP, Minneapolis, MN, on behalf of Defendants.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Douglas James Sellner's ("Sellner") Objection [Docket No. 254] to Magistrate Judge Leo I. Brisbois' August 31, 2017 Order ("Order") [Docket No. 250] granting Defendants MAT Holdings, Inc., Midwest Air Technologies, Inc., MAT Industries, LLC, and Sanborn Manufacturing Company's (collectively, "Defendants") Motion[1] to Amend the Sixth Amended Pretrial Scheduling Order [Docket No. 242]. For the reasons set forth below, the Objection is overruled.

---

[1] Defendants' Motion was made in the form of a letter brief pursuant to Judge Brisbois' instructions to the parties. See Order at 1 n.1.

## II. BACKGROUND

The factual background of Sellner's Objection is set forth in Judge Brisbois' Order and is incorporated by reference. The Order permits Defendants to move for summary judgment on Sellner's claim for punitive damages. Sellner objects, arguing that he satisfied the level of proof necessary to survive summary judgment when he was granted leave to amend his Complaint to file a claim for punitive damages. Sellner contends that the standards for summary judgment and for amending to add punitive damages are the same, and thus he has already presented sufficient evidence to pursue punitive damages at trial. Sellner thus argues that the Order allowing Defendants to move for summary judgment on the issue of punitive damages is clearly erroneous and contrary to law.

## III. DISCUSSION

### A. Standard of Review

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential. Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir.1996). "A decision is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087,

1093 (N.D. Iowa 2008)).

**B. Standard for Claiming Punitive Damages Versus Summary Judgment**

"The standard for granting a motion to amend to claim punitive damages is not the same as the standard for surviving a motion for summary judgment." Popp Telecom, Inc. v. Am. Sharecom, Inc., 361 F.3d 482, 491 n.10 (8th Cir. 2004)). In evaluating a motion to amend to add a claim for punitive damages, the Court only considers whether the plaintiff's evidence, "if unrebutted, would support a judgment [for punitive damages] in that party's favor." Olson v. Snap Prods., Inc., 29 F. Supp. 2d 1027, 1034 (D. Minn. 1998) (emphasis added). In the amendment context, the Court "makes no credibility rulings, nor does the Court consider any challenge . . . to the Plaintiff's proof." Ulrich v. City of Crosby, 848 F. Supp. 861, 867 (D. Minn. 1994).

In contrast, on a motion for summary judgment the Court does not ignore all evidence that challenges the plaintiff's allegations. Instead, the Court must consider whether "the record taken as a whole could [ ] lead a rational trier of fact to find for the nonmoving party." Mervine v. Plant Eng'g Servs., LLC, 859 F.3d 519, 521 (8th Cir. 2017) (emphasis added). Thus, "while much of the same evidence is relevant to both inquiries, they are distinct. [A] Magistrate Judge's decision [to grant leave to amend to add punitive damages] would not bar a summary judgment finding in light of the different evidence considered and the procedural context." Sorin Grp. USA, Inc. v. St. Jude Med., S.C., Inc., 176 F. Supp. 3d 814, 828 n.7 (D. Minn. 2016).

When Sellner was granted leave to amend to add a claim for punitive damages in 2014, the magistrate judge "only considered the evidence submitted by [P]laintiff, including the various witness affidavits, select[ed] deposition testimony, expert affidavit and documentary

3

evidence selected by [P]laintiff." Hr'g Tr. [Docket No. 103] at 27-28. At that procedural stage, no rebuttal evidence or other challenges to Sellner's proof were considered. Thus, the issue of whether "the record taken as a whole could [ ] lead a rational trier of fact to find for" Sellner on his punitive damages claim has not yet been considered. Mervine, 859 F.3d at 521.

Accordingly, Judge Brisbois' Order amending the scheduling order to allow Defendants to move for summary judgment on Sellner's punitive damages claim is not clearly erroneous or contrary to law.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Douglas James Sellner's Objection [Docket No. 254] to Magistrate Judge Leo I. Brisbois' August 31, 2017 Order [Docket No. 250] is **OVERRULED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 26, 2017.